UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:07CV-P39-M

**TERRELL WOOSLEY**                                                                                                  **PETITIONER**

v.

**BECKY PANCAKE, WARDEN**                                                                              **RESPONDENT**

## MEMORANDUM OPINION

Petitioner, Terrell Woosley, *pro se*, seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a state conviction and sentence. On June 25, 2007, this Court entered an Order directing Petitioner to show cause why his petition should not be dismissed as barred by the applicable statute of limitations (DN 5). The time for a response has passed, and Petitioner has failed to respond. Accordingly, for the reasons explained below, the petition will be dismissed because it is untimely.

I.

On November 7, 1978, Petitioner pled guilty to robbery in the first degree in Hopkins Circuit Court. He was sentenced to ten years' incarceration to be served consecutive to a previously imposed term. He did not challenge his conviction and sentence on direct appeal. Apparently sometime in 2005 Petitioner filed a CR 60.02(b) motion in Hopkins Circuit Court arguing that his sentence should be set aside because he pled guilty based on his trial counsel's promise that his sentence would be ordered served concurrently to his previously imposed sentence and because "no P.S.I. report was done or entered into the court."[1] The Hopkins Circuit

---

[1] Petitioner does not supply the Court with the exact date he filed his CR 60.02 motion in state court.

Court denied Petitioner's motion on August 2, 2005. He appealed to the Kentucky Court of Appeals. That court denied his appeal on April 14, 2006. Petitioner sought discretionary review from the Kentucky Supreme Court, which was denied on June 20, 2006. He then filed this action on March 11, 2007.

## II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

2

In the present case, because Petitioner's conviction became final prior to April 24, 1996, the one-year limitations period established by § 2244(d) extends from the effective date of the Act, which is April 24, 1996; the period is not measured from the date that the conviction became final. *See Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002) ("For prisoners [], whose convictions were finalized prior to enactment of the AEDPA, this Circuit has ruled that they have one additional year after the Act's effective date to file a habeas petition."). Thus, Petitioner had until April 24, 1997, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (quoting §2244(d)(2)) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending'").

A review of the record indicates that Petitioner did not have any post-conviction or collateral review motions pending as of April 24, 1997. While he did file a CR 60.02(b) motion several years later in 2005, this is of no consequence. *See Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004) (holding that a state post-conviction petition tolls but does not restart the one-year limitations period). Thus, it appears that the instant action was filed approximately ten years too late.

Section 2254's one-year statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. "Generally, a litigant seeking equitable tolling bears the burden of establishing

3

two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Ignorance of the law alone, however, does not excuse prompt filing. *Allen,* 366 F.3d at 403. Plaintiff has failed to come forward with any explanation for his delay sufficient to invoke the doctrine of equitable tolling. As such, the Court concludes that the instant petition is time barred.

### III.

In the event Petitioner wishes to appeal any aspect of this Court's decision, he is required to obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A district court must issue or deny and COA and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district court judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2)&(3) by 'indicat[ing] which specific issue or issues satisfy the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court dismisses a petition on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus,

Petitioner is not entitled to a COA.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Petitioner, *pro se*
4414.008